```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA

STEVEN L. MCDANIEL,              )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CIV-16-493-KEW
                                 )
Commissioner of Social           )
Security Administration,         )
                                 )
          Defendant.             )
```

**OPINION AND ORDER**

Plaintiff Steven L. McDaniel (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 63 years old at the time of the ALJ's latest decision. Claimant completed thirteen years of education. Claimant is a military veteran who has worked in the past as payroll technician at a Veterans Administration hospital. Claimant alleges an inability to work beginning October 23, 2009 due to limitations resulting from PTSD.

### Procedural History

The history of this case is extensive and somewhat tortured.

3

Claimant originally filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act on January 20, 2009. Claimant's application was denied and he did not appeal the decision.

On October 26, 2009, Claimant filed a second Title II application. This application was denied and Claimant did not appeal the decision.

On August 11, 2011, Claimant filed a third Title II application. The application was denied. Claimant sought reconsideration of the decision and the application was denied on reconsideration. Claimant did not appeal the reconsidered decision.

On July 14, 2013, Claimant filed a fourth Title II application. On December 20, 2013, the agency issued a decision finding Claimant disabled beginning July 5, 2012, the day after the period of time that was previously adjudicated in a prior denial of an application filed by Claimant. Claimant requested reconsideration wherein he disagreed with the agency's determination of the date of disability onset. The agency reconsidered the decision and affirmed the disability began on June 5, 2012. Claimant requested a hearing before an Administrative Law Judge ("ALJ").

On April 27, 2015, Claimant appeared with counsel before ALJ David Engel in Tulsa, Oklahoma for an administrative hearing. Claimant's counsel requested that the ALJ reopen Claimant's prior

Title II applications and modify the onset date to October 26, 2009. On June 15, 2015, the ALJ determined that Claimant was disabled beginning June 5, 2012. He found no basis for reopening Claimant's prior Title II applications. The Appeals Council denied review on September 6, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ determined that Claimant had not demonstrated good cause to reopen his prior applications for Title II benefits and that, under the doctrine of administrative finality, he could not be determined to be disabled prior to June 4, 2012, the date of the reconsideration denial of the last prior application for benefits. As a result, the ALJ entered a partially favorable decision that Claimant was under a disability beginning June 5, 2012 and continuing in the future.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to reopen Claimant's prior two denials of benefits after he demonstrated good cause to do so; and (2) applying *res judicata* to the prior decisions denying benefits.

**Denial of the Reopening of Claimant's Prior Applications**

In his decision, the ALJ found Claimant's prior two applications could not be reopened because Claimant had failed to offer good cause for doing so. He concluded that the findings made in connection with the application dated August 11, 2011 were final and binding because Claimant did not appeal timely. (Tr. 26). The ALJ specifically found that Claimant had been advised that he had received an overpayment from the Social Security Administration in 2014. He stated that counsel for Claimant "pressed for reopening the prior cases in an effort to forego claimant's overpayment situation – if the prior cases are reopened and (sic) was found disabled based on those prior applications, despite the lack of new evidence to warrant reopening, his overpayment case would be rendered moot." The ALJ concluded that avoidance of the repayment of an overpayment was not good cause to reopen a prior application without new evidence. (Tr. 17).

This Court's authority to review a decision of Defendant is governed by 42 U.S.C. § 405(g) which provides "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party,. . . may obtain review of such decision by a civil action[.]" This avenue represents the sole path to judicial review of a decision made by Defendant. 42 U.S.C.

§ 405(g).

The governing authority expressly provides that federal courts lack jurisdiction to review Defendant's discretionary decision to decline to reopen previously adjudicated claims for disability benefits, absent a colorable constitutional claim, because it does not meet the hearing requirements of § 405(g). *See* <u>Califano v. Sanders</u> 430 U.S. 99, 108 (1977). The Tenth Circuit has also recognized the review restrictions and found a decision by Defendant not to reopen a prior application is unreviewable. *See* <u>White v. Schweiker</u>, 725 F.2d 91, 93 (10th Cir. 1984)("All circuits that have considered the question after <u>Sanders</u> have held that a decision of the Social Security Administration (SSA) not to reopen is unreviewable, whether or not the SSA held a hearing on whether good cause for the late filing was shown."). When the reopening of a prior application has been expressly denied, the mere reference to evidence from a prior claim has not been found to be a *de facto* reopening of the claim. *See* <u>Brown v. Sullivan</u>, 912 F.2d 1194, 1196 (10th Cir. 1990).

The exception noted by the Supreme Court in <u>Califano</u> exists if a claimant challenges the denial of the reopening of an application on constitutional grounds. <u>Califano</u>, 430 U.S. at 109. Claimant has not raised any colorable constitutional claim associated with the

denial of the reopening of the prior claims. It appears the basis provided to justify reopening is one of convenience so that Claimant may avoid the required repayment of a Social Security overpayment. Such is not fathomable as a constitutional basis for relief.

Claimant cites to the authority of Taylor v. Heckler, 738 F.2d 1112 (10th Cir. 1984) as the basis for requiring the reopening of the prior claims. In Taylor, the Tenth Circuit determined that judicial review of a decision was denied based upon *res judicata* but the judge did not decline to reopen a prior application. The Court found this was improper because the merits of the decision had been reconsidered and effectively reopened so that judicial review was required and appropriate. Id. at 1115. This case is distinguishable from Taylor because (1) the ALJ did decline to reopen the prior application; and (2) the ALJ found that "good cause" did not exist such that reopening was warranted.

Additionally, Defendant also asserts she is concerned Claimant will contend that he had a mental impairment that precluded him from pursuing his administrative remedies which some courts have determined to rise to a colorable constitutional claim. Defendant notes that Claimant raised the applicability of Soc. Sec. R. 91-5p which finds "good cause" to reopen a prior decision "when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review." This regulation

references factors to consider in determining whether a claimant lacks mental capacity which include (1) inability to read or write; (2) lack of facility with the English language; (3) limited education; and (4) any mental or physical condition which limits the claimant's ability to do things for him or her self. Id.

Nothing in the record would indicate that these factors exist in Claimant's case or that his mental capacity is impaired. Psychological examinations of Claimant do not reflect any impairment of his mental capacity. He was able to read and follow instructions, he was of average intelligence, and his fund of general information was good. (Tr. 398, 1031). The diagnosis of a mental impairment, such as PTSD, and allegations of confusion with the appellate procedures are not sufficient to establish "good cause" under Soc. Sec. R. 91-5p. *See* Byam v. Barnhart, 336 F.3d 172, 182 (2nd Cir. 2005)("[A] claimant's argument that she was so impaired as to be unable to pursue administrative remedies requires more than a 'generalized allegation' of confusion[.]"). Claimant has failed to establish that he lacked the mental capacity to follow Defendant's appellate procedures.

Even if this Court's limited jurisdiction were properly invoked, Claimant failed to demonstrate "good cause" to reopen the prior decision. Under 20 C.F.R. § 404.988, a prior decision may be reopened for any reason within one year or within four years of the

9

date of the notice of the initial determination if the ALJ finds good cause as defined in § 404.989. Further, under § 404.989, the ALJ will find good cause to reopen a prior application if new and material evidence is furnished, a clerical error was made in computing benefits, or the evidence that was considered in the decision making was clearly erroneous.

Claimant did not establish any of the stated bases for reopening the prior decisions. His stated reason for attempting to do so as related to the ALJ through his counsel - to avoid repayment of a Social Security overpayment - does not constitute "good cause" under the regulations.

Claimant's final argument that the ALJ only relied upon *res judicata* to deny reopening the prior decisions and that the principle should not have been applied is not borne out by the record. The ALJ clearly determined Claimant failed to show "good cause" under the regulations. (Tr. 18).

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 29th day of March, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE